IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TINA LOUISE PHILLIPS,

v.                                              Civil Case No. CCB-17-2910

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,[1]

* * * * * * * * * * * * *

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 2]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 10, 11]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that Plaintiff's motion be denied, the Commissioner's motion be granted, and the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

On July 5, 2013 and August 10, 2013, respectively, Ms. Phillips filed her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of August 1, 2010. (Tr. 233-34, 235-40). Her claims were denied initially and on reconsideration. (Tr. 133-40, 144-47). On December 2, 2015, a hearing was held before an Administrative Law Judge ("ALJ"). (Tr. 36-84). Following the hearing, the ALJ

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

issued an unfavorable decision on February 26, 2016. (Tr. 13-35). The Appeals Council denied Ms. Phillips's request for further review, (Tr. 1-6), so the ALJ's 2016 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that, during the relevant time frame, Ms. Phillips suffered from the severe impairments of "lumbar degenerative disc disease with radiculopathy, carpal tunnel syndrome, obesity, affective disorder (bipolar), and anxiety disorder." (Tr. 18). Despite these impairments, the ALJ determined that Ms. Phillips retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally stoop, kneel, crouch, crawl, climb ramps or stairs, or balance on narrow, slippery, or erratically moving surfaces. The claimant must never climb ladders, ropes, or scaffolds. She can be occasionally exposed to unprotected heights and moving mechanical parts. The claimant is limited to simple, routine, repetitive tasks (but not at a production rate pace) with occasional contact with coworkers, supervisors, and the general public. Any time off-task she would require during the day would be accommodated by normal work breaks.

(Tr. 21). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Phillips was capable of performing her past relevant work as a warehouse worker, and, therefore, she was not disabled. (Tr. 27-28).

On appeal, Ms. Phillips raises two primary arguments: (1) that the ALJ failed to adequately explain why he accorded "little weight" to the medical opinion of her treating psychiatrist, Dr. Jemima Kankam, Pl.'s Mem., [ECF No. 10-1 at 9-16]; and (2) that the ALJ failed to properly evaluate Ms. Phillips's credibility, *id.* at 16-18. Each argument lacks merit and is addressed below.

First, Ms. Phillips contends that the ALJ failed to properly weigh the medical opinion evidence. Specifically, Ms. Phillips argues that the ALJ erred by assigning "little" weight to

2

Dr. Kankam's medical opinion and by instead assigning "great weight" to the opinion of a consultative psychiatrist, Dr. Varsha Vaidya. *Id.* at 9-10. As background, a treating physician's opinion is given controlling weight, unless it is not supported by clinical evidence or is inconsistent with other substantial evidence. *See Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, including the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Here, the ALJ provided substantial evidence to support his assignment of "little weight" to Dr. Kankam's opinion. First, the ALJ summarized Dr. Kankam's May 2014 opinion that Ms. Phillips:

> had an untreated illness that was severe, had limited control and was verbally and physically aggressive on impulse . . . , was agoraphobic, had a poor attention span . . . , and that [her] mental abilities and aptitude needed to do any job were poor or fair in most work-related categories, such as following instructions, socializing, responding to changes, making decisions, and performing at a production pace.

(Tr. 25-26, 477). The ALJ, however, found that Dr. Kankam's opinion was "not consistent with the medical record as a whole as well as [Ms. Phillips's] self-reported activities of going out of the home, caring for her children, and maintaining a household." (Tr. 26). The ALJ expressly cited Ms. Phillips' daily activities of: cooking meals, performing household chores,

3

shopping, and socializing with her family. (Tr. 22, 270-75). Further, the ALJ explained that, despite Dr. Kankam's opinion, "the record reflects significant gaps in [Ms. Phillips's] history of treatment." (Tr. 25). Additionally, evidencing the inconsistency of Dr. Kankam's opinion, Ms. Phillips reported to Dr. Atluri (her primary care physician): (1) in March 2014 that her anxiety was under control; and (2) in July 2014 that felt she was doing okay overall. (Tr. 24, 442, 480, 487). Importantly, Dr. Kankam treated Ms. Phillips only from August 4, 2011 through October 6, 2011 and then once more on March 24, 2014.[2] (Tr. 332-47, 576-81). The fact that Dr. Kankam's May 2014 opinion is sandwiched between Dr. Atluri's two contrary reports further evinces the opinion's inconsistency.

Additionally, to further demonstrate that Dr. Kankam's opinion was inconsistent with the other record evidence, the ALJ thoroughly considered Dr. Vaidya's opinion, according it "great weight" because the findings "were based on a thorough mental examination of [Ms. Phillips] and are consistent with the other evidence in the record." (Tr. 25). Dr. Vaidya opined that Ms. Phillips: (1) was alert and cooperative with normal psychomotor activity and no agitation; (2) demonstrated normal, coherent, and relevant speech with no signs of formal thought disorder; (3) was well oriented with intact intellectual resources; and (4) exhibited good recent and remote memory and performed well on the abstract thinking test. (Tr. 24, 406). Ms. Phillips told Dr. Vaidya that she was unable to work not because of mental health issues but because of "back problems, cant [sic] walk or stand long." (Tr. 406). Accordingly, Dr. Vaidya encouraged Ms. Phillips to return to work. (Tr. 25, 406). Finally, the ALJ considered the opinion of Dr. S. Rudin who, on reconsideration, opined that Ms. Phillips could perform light work subject to certain postural and environmental limitations. (Tr. 25, 113-17,

---

[2] On her Adult Disability Report, dated August 10, 2013, Ms. Phillips conceded that she was no longer a patient of Dr. Kankam and had not been seen by her since 2011. (Tr. 264).

126-30). Accordingly, by comparing Dr. Kankam's opinion to Ms. Phillips's reported daily activities and remaining record evidence, substantial evidence supports the ALJ's assignment of "little weight" to Dr. Kankam's opinion.

Second, Ms. Phillips contends that the ALJ failed to properly evaluate her credibility. Pl.'s Mem., [ECF No. 10-1 at 16-18]. To determine the credibility of the claimant's statements, the ALJ "must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians . . . and any other relevant evidence in the case record." SSR 96-7p, 1996 WL 374186, at *1 (S.S.A. July 2, 1996). Importantly, an ALJ must "articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Bostrom v. Colvin*, 134 F. Supp. 3d 952, 960 (D. Md. 2015) (quoting *Armani v. Comm'r, Soc. Sec. Admin.*, No. JMC-14-CV-976, 2015 WL 2062183, at *1 (D. Md. May 1, 2015)); *see also Mascio v. Colvin*, 780 F.3d 632, 640 (4th Cir. 2015) ("Nowhere, however, does the ALJ explain how he decided which of [the claimant's] statements to believe and which to discredit, other than the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [the claimant's] residual functional capacity.").

Contrary to Ms. Phillips's contention, the ALJ properly evaluated her credibility. First, the ALJ observed that Ms. Phillips's admitted daily activities undermined her subjective allegations of pain. (Tr. 25). Most notably, Ms. Phillips admitted that she was capable of caring for her children, cooking, cleaning, shopping, and socializing with family. (Tr. 25, 270-75). Second, as discussed above, though alleging a disability since 2010, Ms. Phillips has

5

"significant gaps" in her treatment history, with most records not beginning until 2012.[3] (Tr. 25). Furthermore, the ALJ explained that the treatment records vary significantly throughout the relevant period and with respect to her subjective allegations of symptoms and pain. (Tr. 25). For example, though Ms. Phillips alleged a history of low back pain and limitations in standing, sitting, and walking, on physical examination she demonstrated normal gait and stance, and, upon undergoing physical therapy, she reported feeling a lot better, with symptoms in her right leg resolving completely. (Tr. 23, 25, 350, 354, 534, 602, 608, 673). Additionally, in terms of mental limitations, the ALJ cited Ms. Phillips's own statements to Dr. Atluri in: (1) March 2014, where she stated that her anxiety was under control; and (2) July 2014, where she stated that she felt she was doing okay overall and indicated that her mental health had improved. (Tr. 24-25, 442, 480, 487). Thus, the ALJ properly evaluated Ms. Phillips's credibility, and supported his findings with substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Plaintiff's Motion for Summary Judgment, [ECF No. 10], GRANT Defendant's Motion for Summary Judgment, [ECF No. 11], and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen

---

[3] As previously discussed, Dr. Kankam treated Ms. Phillips from August 4, 2011 through October 6, 2011, (Tr. 332-47). There are also treatment notes from Dr. Atluri in 2011 (Tr. 460-63). Finally, Ms. Phillips also underwent a CT Scan for her abdomen on or about September 15, 2011. (Tr. 696).

(14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: June 5, 2018 /s/  
Stephanie A. Gallagher  
United States Magistrate Judge